UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EDWARDS,

    Plaintiff,

v.

BRADLEY ROUGEAU *et al.*,

    Defendants.
_____/

Case No. 16-cv-11490
Hon. Matthew F. Leitman

## OPINION AND ORDER GRANTING DEFENDANT BRADLEY ROUGEAU'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF #33)

This civil action arises from an unfortunate case of mistaken identity. In 2013, a state court issued a warrant for the arrest of Plaintiff Anthony Edwards ("Edwards") on multiple felony drug charges (*see* ECF #40-1 at Pg. ID 259), and law enforcement officers arrested Edwards pursuant to that warrant. It turns out that Edwards had not broken the law and that the warrant was issued erroneously. The real criminal had apparently stolen Edwards' identity and committed the crimes using that identity, and that led to the mix-up in the warrant. Edwards spent approximately eight days in custody before his identity was confirmed and he was released. In this action, Edwards seeks to hold several law enforcement officers liable for his erroneous arrest and detention.

Defendant Bradley Rougeau ("Rougeau") has moved for judgment on the pleadings on the claims against him under Rule 12(c) of the Federal Rules of Civil Procedure (the "Motion"). (*See* ECF #33.) For the reasons explained below, the Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** Edwards' claims against Rougeau.

I

Edwards' First Amended Complaint is short on details concerning his claims against Rougeau. He alleges that Rougeau is employed by the Ann Arbor Police Department and assigned (along with the seven other named Defendants) to a taskforce known as LAWNET (*see* First Am. Compl. at ¶2, ECF # 12 at Pg. ID 55); that on October 2, 2103, unidentified officers of LAWNET arrested him (Edwards) on "an outstanding warrant for his arrest on a charge of dangerous drugs" (*Id.* at ¶10, ECF #12 at Pg. ID 56); and that he (Edwards) immediately told the arresting officers "that they had arrested the wrong person" and that someone had previously stolen his identity (*id*. at ¶¶ 11-12, ECF #12 at Pg. ID 56-57).

Edwards claims that he was arraigned on October 3, 2013, and that at the arraignment, the presiding judge "ordered that Sheriff Clayton [who is not a party to this action] take Edwards' fingerprints in order to determine whether Edwards was the correct individual to be arrested." (*Id.* at ¶¶ 13-15, ECF #12 at Pg. ID 57.) Edwards says that the "Defendants [then] waited more than five days to determine

whether [he] was the correct individual to be arrested" and that during that time he remained in custody. (*Id.* at ¶16, ECF #12 at Pg. ID 57.) On October 10, 2013, the charges against Edwards were dismissed. (*See id.* at ¶¶ 18-19, ECF #12 at Pg. ID 57.)

Edwards insists that the "Defendants determined or should have determined that [he] was not the individual who was [the] subject of the arrest warrant on October 2, 2013." (*Id.* at ¶17, ECF #12 at Pg. ID 57.) Edwards complains that "Defendants' acts of failing to timely release [him] from jail deprived [him] of his constitutional right to be free from wrongful or false imprisonment, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution." (*Id.* at ¶22, ECF #12 at Pg. ID 58.)

The Amended Complaint contains only a single substantive allegation that mentions Rougeau by name:

> Defendant Detective Bradley Rougeau had visual or other identification of Edwards after he was arrested, and was able to visually or otherwise confirm that Edwards was not the subject who was the subject of the arrest warrant. Despite having knowledge that Edwards was not the individual who was the subject of the arrest warrant, Defendant Rougeau continued to have Edwards detained at the Washtenaw County Jail.

(*Id.* at ¶31, ECF #12 at Pg. ID 60.) Edwards makes the exact same allegation – verbatim – against each of the other seven Defendants. (*See, e.g.*, *id.* at ¶¶ 32-38, ECF #12 at Pg. ID 60-62.)

3

II

Before turning the merits of Rougeau's motion, the Court pauses to clarify the governing legal standard. Rougeau seeks dismissal under Rule 12(c) of the Federal Rules of Civil Procedure. Both parties agree that the standard for dismissal under Rule 12(c) is the same as the standard under Rule 12(b)(6). (*See* Rougeau Mot. at 3, ECF #33 at Pg. ID 199; Edwards Resp. Br. at 9, ECF #37 at Pg. ID 236.)

Edwards argues that in order to prevail under that standard, Rougeau "must demonstrate [that] the plaintiff can prove no set of facts in support of the claims that would entitled him to relief." (Edwards Resp. Br. at 6, ECF #37 at Pg. ID 233) (quoting *Southwest Williamson County Cmty. Ass'n v. Slater*, 173 F.3d 1022, 1035 (6th Cir. 1999).) However, the Supreme Court jettisoned the "can prove no set of facts" standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, Edwards' reliance on that standard is misplaced.

"To survive a motion to dismiss" under the Rule 12(b)(6) standard that applies here, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the

4

sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III

As noted above, Edwards' First Amended Complaint alleges that "after" Edwards' arrest, Rougeau (1) failed to act on information showing that Edwards was the wrong man and (2) wrongfully "continued" Edwards' detention. (First Am. Compl. at ¶31, ECF #12 at Pg. ID 60.) Edwards' response to the Motion and statements by Edwards' counsel at the hearing on the Motion suggest that Edwards may also be alleging that Rougeau committed misconduct before the arrest – specifically that Rougeau acted improperly in connection with the request for, and issuance of, the arrest warrant. Out of an abundance of caution, the Court will address both theories. Neither is viable.

**A**

Edwards' claim that Rougeau committed misconduct in applying for the arrest warrant fails because Edwards has not pleaded a single specific factual allegation in support of that claim. For instance, Edwards has not alleged that Rougeau lied to the judge who signed the warrant; that Rougeau knew or had reason to know that Edwards was not the person who committed the drug offenses at issue; or that Rougeau committed a single wrongful act in connection with the warrant request. Simply put, Edwards cannot possibly state a plausible claim against Rougeau related to the application for the warrant because he has not pleaded any specific facts related to the warrant application process or Rougeau's participation in that process.

Moreover, as Edwards acknowledges, a police officer has qualified immunity from claims based on his application for a warrant unless "a reasonably well-trained officer in [the officer's] position would have known … that he should not have applied for the warrant." (Edwards Resp. Br. at 14, ECF #37 at Pg. ID 241) (quoting *Malley v. Briggs*, 475 U.S. 335, 345-46 (1986).) Since Edwards has not pleaded any facts that, if proven, would establish that a reasonable officer in Rougeau's position would not have applied for the warrant, Rougeau is entitled to qualified immunity on the claim related to his application for the warrant.

6

**B**

Edwards' claim that Rougeau wrongly continued his post-arrest detention fails for the same reasons. First, the claim is not supported by a single specific factual allegation against Rougeau. Indeed, Edwards does not even allege that Rougeau personally played any role in his continued detention. Nor does Edwards make a single specific factual allegation that, if proven, would establish that Rougeau knew or should have known that Edwards was the wrong man. For instance, while Edwards alleges generally that he told the arresting officers that he was the wrong man, Edwards does not allege that Rougeau participated in his arrest or was informed of Edwards' statements. Indeed, Edwards does not allege that Rougeau was *ever* aware of a *specific* fact or statement that should have caused Rougeau to question whether Edwards was the wrong person. Edwards simply makes the conclusory assertion – unaccompanied by a single detail – that Rougeau should have known that Edwards was the wrong man. (*See* First Am. Compl. at ¶31, ECF #12 at Pg. ID 60.) Moreover, Edwards does not allege a single specific fact connecting Rougeau to his post-arrest detention or any decision to continue that detention in the face of Edwards' protests that he was the wrong person. Simply put, Edwards has not even come close to pleading sufficient specific facts to support a due process claim against Rougeau related to his post-arrest detention.

Second, even if Edwards had successfully pleaded the elements of his due process claim (and he has not done so), Rougeau would have qualified immunity from that claim. "Qualified immunity protects public officials from liability from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013) (internal quotation marks omitted). Courts follow a "two-tiered inquiry to determine if an officer is entitled to qualified immunity." *Id.* (internal quotation marks omitted). "The first step is to determine if the facts alleged make out a violation of a constitutional right. The second is to ask if the right was 'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it. These two steps may be addressed in any order." *Id.* (internal citations omitted). With respect to the "clearly established" prong of the qualified-immunity analysis, "[t]he sources of clearly established law to be considered are limited. [Courts in this Circuit] look first to decisions of the Supreme Court, then to decisions of [the Sixth Circuit] and other courts within [the Sixth] [C]ircuit, and finally to decisions of other circuits." *Id.* at 961. "The plaintiff has the burden of showing that a right is clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citing *Barrett v. Steubenville City Sch.,* 388 F.3d 967, 970 (6th Cir.2004)).

Here, Edwards has not shown that at the time of his arrest and detention, it was clearly established that law enforcement officers violate the Due Process Clause where they detain a mis-identified suspect for approximately eight days despite his protests of mis-identification. The leading Supreme Court decision on this question is *Baker v. McCollan*, 443 U.S. 137 (1979). In *Baker*, as in this case, law enforcement officers arrested the plaintiff under a valid warrant that had mistakenly been issued for him after someone committed crimes using his identity. The plaintiff was then detained by the county sheriff for a matter of days notwithstanding his protests that the sheriff's department had the wrong man. The Supreme Court held that the sheriff did *not* violate the Due Process Clause by continuing to detain the plaintiff for a total of three days after he was arrested under a valid warrant. *See Baker*, 443 U.S. at 143-47. But the Supreme Court *was* willing to assume that the prolonged detention of a person "in the face of repeated protests of innocence will after the lapse of *a certain amount of time*" rise to the level of a due process violation. *Id*. at 145 (emphasis added).

Importantly, "[t]he question of how long such mistaken-identity detention must be for it to implicate a constitutional due process right was not resolved by the [Supreme] Court in *Baker*." *Flemister v. City of Detroit*, 358 Fed. App'x 616, 620 (6th Cir. 2009). And in the aftermath of *Baker*, federal courts "had few opportunities to consider how long a period of wrongful incarceration [based on mistaken identity]

9

must be before constitutional concerns are implicated." *Gray v. Cuyahoga County Sherriff's Dep't*, 150 F.3d 579, 582 (6th Cir. 1998), as amended on rehearing, 160 F.3d 276 (6th Cir. 1998). This Court has located two Sixth Circuit decisions containing a consideration and analysis of this issue. In *Gray*, a published decision, the Sixth Circuit held that an erroneous detention of forty-one days based on misidentification was enough to trigger "constitutional concerns," *see Gray*, 150 F.3d at 582, but in *Flemister* (an unpublished decision), that court held that such detention for four and one-half days was not enough to do so – even though the officers allegedly "could have and should have determined sooner" from the available information that they had the wrong man. *See Flemister*, 358 Fed. App'x at 620-21.

Edwards does not argue that *Baker, Gray,* and *Flemister* clearly establish that officers violate the Due Process Clause where, after arresting a suspect pursuant to a valid warrant, they detain the suspect for approximately eight days despite the suspect's claims of innocence and despite the alleged availability of information confirming that he is the wrong man. Nor has Edwards directed this Court to any other authority from the Supreme Court, the Sixth Circuit, or any other federal court in this Circuit that clearly establishes this proposition. Instead, Edwards relies on three out-of-Circuit cases, but those cases fall short.[1] Because Edwards has failed

---

[1] Edwards first cites *Cannon v. Macon County*, 1 F.3d 1558 (11th Cir. 1993), in which the United States Court of Appeals for the Eleventh Circuit allowed a plaintiff to pursue a due process claim where the plaintiff was arrested pursuant to a warrant

10

to carry his burden on the "clearly established" prong of Rougeau's qualified immunity defense, Rougeau is entitled to dismissal of Edwards' claim based upon his continued detention.

## IV

While leave to amend shall be freely and liberally granted under Rule 15(a) of the Federal Rules of Civil Procedure, the Court declines to permit Edwards to file a Second Amended Complaint against Rougeau for two reasons. First, Edwards has already had one opportunity to cure the very deficiencies outlined above – by filing his First Amended Complaint – and he failed to do so. Second (and more importantly), statements by Edwards' counsel at the hearing on Rougeau's motion make clear that any amendment by Edwards would be futile. During the hearing, the Court asked Edwards' counsel to identify any new *specific factual allegations*

---

and detained for seven days even though she was the wrong woman. This lone out-of-Circuit case from nearly twenty-five years ago does not clearly establish that a detention of approximately eight days is long enough to trigger "constitutional concerns" under *Baker*. The two other circuit-level decisions on which Edwards relies are inapposite. The decision in *Rivas v. Freeman*, 940 F.2d 1491 (11th Cir. 1991), did not involve an arrest pursuant to a valid warrant; instead, it involved the warrantless detention of the plaintiff after he was mis-identified as a missing probationer. Moreover, the court in *Rivas* held that the arresting officers did *not* violate the plaintiff's constitutional rights. Next, in *Berg v. County of Allegheny*, 219 F.3d 261, 272-73 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit held that an arresting officer may not be entitled to qualified immunity where he unreasonably relies upon an arrest warrant. Here, however, Edwards has not alleged a single fact that, if proven, would tend to establish that Rougeau unreasonably relied on the warrant.

11

related to Rougeau that Edwards could include in a Second Amended Complaint in an effort to cure the deficiencies identified above, and counsel was not able to identify a single such allegation. Without such a new allegation, any amendment would be futile and, for that reason, is properly denied. *See*, *e.g.*, *Thiokol Corp. v. Mich. Dept. of Treasury,* 987 F.2d 376, 383 (6th Cir.1993) (holding a court should deny a motion to amend if the amendment would be futile). Finally, no new factual allegations could change the fact that Edwards' due process claim fails because the rule he seeks to enforce was not clearly established. That further justifies denying leave to amend.

V

For the reasons explained above, **IT IS HEREBY ORDERED** that Rougeau's Motion for Judgment on the Pleadings (ECF #33) is **GRANTED**, and the claims against Rougeau are **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2017, by electronic means and/or ordinary mail.

s/A. Chubb for Holly A. Monda
Case Manager
(313) 234-5113

12